IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>MOO TOWN DAIRY, L.L.C.<br>20-4909319<br>3415 FM 1567 E.<br>Como, TX 75431<br>AND<br>RENE H. COUMANS<br>D/B/A BELLE VUE DAIRY<br>xxx-xx-1816<br>3415 FM 1567 E.<br>Como, TX 75431<br><br>Debtors | Case No.: 10-43676-R<br>Case No.: 10-43677-R<br><br>JOINTLY ADMINISTERED UNDER<br>CASE NO.:<br>10-43676-R<br><br>Chapter 11 |

### AGREED ORDER AUTHORIZING THE
### INTERIM USE OF CASH COLLATERAL

On this day came on for consideration the Debtor's Emergency Motion for Order Authorizing the Interim and Final Use of Cash Collateral (the "Motion"). The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing the Debtors to use cash collateral of existing secured lenders and granting adequate protection to existing secured lenders for the use of their cash collateral; and (b) prescribing the form and manner of notice and setting the time for the final hearing (the "Final Hearing") on the Motion. Upon review of the Motion, the Affidavit of René Coumans and based upon the evidence presented to this Court at the interim hearing on the Motion (the "Interim Hearing"), the Court hereby makes the following findings of fact and conclusions of law:

1. Adequate and sufficient notice of the Motion and the Interim Hearing has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. The Debtors commenced the case *sub judice* on October 13, 2010 (the "Petition Date") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continues in possession of its properties and continues to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Bank of the West ("Secured Lender"), through the credit facility entered into by and between Bank of the West, Coumans, Bokito, and Moo Town Dairy accounts for approximately $8,235,000.00 of the Debtors' debt. The breakdown of the Secured Lender credit facility, in approximate numbers, is as follows:

   a. Livestock Acquisition Facility:    $4,835,000.00

   b. Acquisition Feed Line of Credit:   $1,400,000.00

   c. Term Loan:                         $2,000,000.00

7. The Secured Lender asserts that it is secured by first priority liens on and security interests in substantially all the Debtors' personal property (with the exception of the equipment, including, without limitation, all livestock and other farm products) and about one-half of the real property (collectively, the "Prepetition Collateral") and the proceeds thereof (the "Cash Collateral").

8. The Debtors own and operate a relatively large dairy farm in East Texas.

9. Pursuant to sections 363(a) and 552(b) of the Bankruptcy Code, the Cash Collateral held by the Debtors may constitute "cash collateral" within the meaning of section 363(a) of the Bankruptcy Code. The Secured Lender asserts that it has an interest in the Cash

Collateral within the meaning of sections 363(c)(2) and 363(e) of the Bankruptcy Code.

10. The Debtors have an immediate need to use Cash Collateral on an interim basis to, among other things, fund payroll obligations and pay other operating expenses, including feed, in accordance with the budget attached hereto as Exhibit "A" and incorporated herein by this reference.

11. Good cause has been shown for entry of this interim cash collateral order (the "Interim Order"), as an immediate and critical need exists for the Debtors to be permitted access to the Cash Collateral.

12. Absent access to the Cash Collateral the Debtors' estates would be immediately and irreparably harmed.

13. This Interim Order is entered into pursuant to, and in accord with sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001(b).

**ACCORDINGLY, IT IS ORDERED THAT:**

1. The Debtors are permitted to use Cash Collateral, in accord with the Budget attached hereto as Exhibit A, provided, that the Debtors may only exceed any line item in the Budget by no more than ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by: (a) consensual agreement of the Debtors and the Secured Lender; or (b) by further order of this Court.

2. The Debtors' right to use Cash Collateral under this Interim Order shall commence on the date of entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim cash collateral order; (b) the entry of a Final Order; or (c) November 8, 2010.

3. As adequate protection of the Secured Lender's interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any

diminution in value from the use of the Collateral the Court hereby grants the Secured Lender replacement security liens on and replacement liens on all of the Debtor's real and personal property (the "Replacement Liens"), whether such property was acquired before or after the Petition Date.

4. Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

5. Further, such Replacement Liens shall be equal to the aggregate diminution in amount and value (if any) of the Cash Collateral that occurs from and after the Petition Date. The Replacement Liens shall be of the same validity and priority as the liens of the Secured Lender on the Prepetition Collateral.

6. The Replacement Liens granted herein shall maintain the same priority, validity and enforceability as the Secured Lender's liens on the prepetition Collateral. The Secured Lender shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

7. As additional adequate protection of Secured Lender's interest in the Cash Collateral, the Debtors shall not, without the express approval of Secured Lender or this Court, pay any expenses not specifically identified in the Budget or directly related to the management or operation of the Debtors' businesses. Notwithstanding anything in this Order to the contrary, the Debtors shall not, without the express approval of this Court, use any Cash Collateral for payment of any prepetition debts or obligations of the Debtors.

8. This Interim Order is without prejudice to the rights of the Secured Lender or the Debtors as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Interim Order.

9. This Interim Order is without prejudice to the rights of any party-in-interest, including the Debtors, to contest the priority, validity and enforceability of the Secured Lender's liens and security interests in and to the prepetition Collateral.

10. During the term of this Interim Order the Debtor shall comply with all terms and conditions of the loan documents executed by the Debtor and the Secured Lender, including but not limited to the reporting requirements set forth therein, except to the extent modified herein.

11. Debtors are authorized and directed to establish and maintain property/casualty insurance coverage on all of the Debtors assets and on all Adequate Protection Property for the full replacement value therefore and to cause the Secured Lender to be named as a "lender loss payee" of the insurance policies. Debtors shall also maintain adequate general liability insurance and shall name Secured Lender as an additional insured on all insurance policies. Debtors shall provide Secured Lender copies of all insurance policies within 5 business days after the entry of this Order.

12. The Secured Lender's liens upon the security interests in the Prepetition Collateral shall continue in the proceeds and profits of the Prepetition Collateral as provided in section 552(b) of the Bankruptcy Code without exception.

13. Debtors shall provide Secured Lender with reasonable access to its books, records and physical premises, and shall timely supply Secured Lender with copies of its Schedules, Statements of Financial Affairs, and Monthly Operating Reports contemporaneously with the filing of same.

14. The Final Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **November 8, 2010, at 9:45 a.m.**

15. The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Interim Order.

16. This Interim Order is and shall be fully effective upon its entry.

Signed on 10/28/2010

*Brenda T. Rhoades*  SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**Exhibit "A"**

| Budget 10-25-10 through 11-8-10 | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| Belle Vue | | | | |
| | | | | |
| Sprint | 5-Nov | | $515.82 | |
| Waste Management | 1-Nov | | $138.02 | |
| Wood County Electric | 25-Oct | | $8.35 | |
| Payroll | | | $10,000.00 | |
| repairs | | | $2,000.00 | |
| vet | | | $2,000.00 | |
| Feed | | | $62,000.00 | |
| custom work | | | $4,000.00 | |
| fuel | | | $1,000.00 | |
| | | | | $81,662.19 |
| | | | | |
| Moo Town | | | | |
| Payroll | | | $10,000.00 | |
| repairs | | | $2,000.00 | |
| vet | | | $2,000.00 | |
| Feed | | | $45,000.00 | |
| custom work | | | $4,000.00 | |
| Waste Management | 1-Nov | | $138.02 | |
| fuel | | | $1,000.00 | |
| | | | | $64,138.02 |
| | | | | |
| Payroll - Uncleared Checks | | | $3,150.00 | $3,150.00 |
| Personal Living Expenses | | | $1,000.00 | $1,000.00 |
| | | | | |
| | | | TOTAL | $149,950.21 |

APPROVED AS TO FORM AND SUBSTANCE:

/s/ Robert T. DeMarco
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
1255 W. 15th Street, 805
Plano, TX 75075
T   972-578-1400
F   972-346-6791
*Proposed* **Counsel for Debtors and Debtors in Possession**


**John Middleton**
State Bar No. 24053742
HaynesBoone Haynes and Boone, LLP
**Email** john.middleton@haynesboone.com
2323 Victory Avenue
Suite 700
Dallas, TX 75219
T   214-651-5809
F   214-200-0606
**Counsel for Bank of the West**